■ In the Matter of LEO KESSLER et al., Petitioners v DEPARTMENT OF EDUCATION OF THE STATE OF NEW YORK, Respondent. — Proceeding initiated in this court, pursuant to subdivision 4 of section 6510 of the Education Law, to annul determinations of the Commissioner of Education which revoked the license of petitioner Leo Kessler to practice as a pharmacist and revoked the certificate of registration of petitioner Hicksville Pharmacy, Inc., but stayed the latter revocation and placed the pharmacy on probation for two years. Following a hearing, petitioners were found guilty of practicing the profession fraudulently and unprofessional conduct. The most serious of the charges against petitioners relates to the sale by the individual petitioner, Leo Kessler, on at least one occasion, of the prescription drug Talwin to one John Mohaupt, who had no prescription for the drug. The remainder of the charges relates to violations of record keeping and producing requirements and improper procedures and practices in filling and refilling prescriptions. Petitioners contend that the record does not contain substantial evidence to support the findings. We disagree. With regard to the most serious charge, there is ample circumstantial evidence of the sale of Talwin by petitioner to Mohaupt, and during a narcotics investigation by a police officer, petitioner Leo Kessler admitted that on at least one occasion he gave Talwin to Mohaupt without a prescription and that Mohaupt had given him a personal check in return. The finding with regard to the remainder of the charges is supported by the testimony of a pharmacy board inspector and petitioners' records. In sum, upon reviewing the whole record, we find that there is a rational basis in it for the findings of fact supporting the agency's decision and we, therefore, cannot disturb that decision *(300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 180). Petitioners also contend that the penalty, particularly the revocation of petitioner Leo Kessler's license, is excessive. We find, however, that the punishment is not " " "so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness". ' " *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 233), and we, therefore, must confirm the determinations. Determinations confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.